**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**


**CRIMINAL ACTION NO. 3:25-CR-161-DJH**
**UNITED STATES OF AMERICA,**                                    **PLAINTIFF,**


**vs.**


**BRIAN HINDS,**                                                 **DEFENDANT.**


## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

The Defendant, Brian Hinds, respectfully submits this Sentencing Memorandum. Sentencing is scheduled for May 4, 2026. Mr. Hinds requests that the Court impose a sentence of 90 months.

### A. Charges and Statutory Sentencing Range.

On January 22, 2026, Mr. Hinds entered guilty pleas to all four counts of the Indictment: three counts of distribution of child pornography pursuant to 18 U.S.C. §2252A(a)(2) and (b)(1) and one count of possession of child pornography, pursuant to 18 U.S.C. §2252A(a)(5)(B) and (b)(2). Counts One, Two and Three carry between 5 and 20 years imprisonment. Count Four carries not more than 20 years imprisonment. All four counts carry a period of supervised release between five years and life.

1

**B. PSR**

Mr. Hinds has no objections to the PSR.

**C. Plea Agreement.**

Mr. Hinds has entered a plea agreement with the United States pursuant to Rule 11(c)(1)(B). Per this Agreement, the United States agrees to: 1) Recommend a sentence of imprisonment at the lowest end of the applicable guideline range and 2) Recommend a reduction of three levels below the otherwise applicable guideline range for "acceptance of responsibility", provided Mr. Hinds does not engage in conduct that demonstrates a lack of such acceptance, and 3) demand forfeiture of seized electronic items, an iPhone and iPad.

**D. Guideline Sentencing Range.**

Pursuant to the Presentence Investigation Report, Mr. Hinds's advisory guideline calculations are as follows:

| | |
|---|---|
| Base Offense Level, USSG §2G2.2 | 22 |
| Minor under 12, USSG §2G2.2(b)(2) | +2 |
| Distribution, USSG §2G2.2(b)(3)(F) | +2 |
| Sadism, USSG §2G2.2(b)(4)(A) | +4 |
| Use of a Computer, USSG §2G2.2(b)(6) | +2 |
| Number of images, USSG §2G2.2(b)(7)(D) | +5 |
| | |
| Acceptance of Responsibility USSG §3E1.1(a) and (b) | -3 |
| | |
| Total Offense Level | 34 |
| Criminal History Category | I |
| Guideline Range | 151 to 188 months |

According to the JSIN data set out in the PSR, 775 similarly situated defendants were sentenced to an average of 109 months and a median of 97 months.[1]

**E. Mr. Hinds's Background and Circumstances of the Offense.**

Mr. Hinds recognizes the harm that he has caused and feels deep remorse for the actions that form the bases of the charges in this case. They contrast starkly with the rest of his life, but he recognizes that they are indeed part of it.

Mr. Hinds enjoyed a supportive and healthy environment as a child.[2] He went to college, worked as an actor, and then became a teacher.[3] He has also dealt with mental health issues for almost half of his life.[4] He has been prescribed antidepressant medication for about 25 years and participated in counseling in the 1990s and again in the first nine months of 2025.[5]

He prizes his years teaching and is grateful to have been able to do that work. His work as an educator was his source of joy in life. He is not accused of any wrongdoing involving any of his students.[6] One of his great regrets is that the young people that he taught will now look back on their time as his students and think differently about him and that period. The acts that he engaged in on-

---

[1] PSR, para. 81.
[2] PSR, para. 58.
[3] PSR, para. 59.
[4] PSR, para. 64
[5] PSR, para. 64 and 65.
[6] PSR, para. 8 to 10.

line were wrong and they were not connected with his work or his relationships in the in the teaching and theater communities.

Those acts were also a source of deep and overwhelming shame for him over a long period of time. He knew that he needed help; he wanted help. He has even been in counseling, including during the period of time when he was interacting with the undercover agent in this case.[7] However, he could not surmount his shame and talk with a therapist about his actions and his struggles. At the time of his arrest, he agreed to speak with law enforcement about what he had done and provided the passcode to his phone.[8] He also provided a written statement about his conduct.[9] Now, after his arrest, he is free to talk about his thoughts and actions and to pursue treatment to try to get better. Although he feels great sadness and regret for what he did, he also feels relief that he is no longer burdened by keeping his shame secret.

Mr. Hinds retains the support of his family.[10] He hopes to serve his sentence in a place near family members.[11] He has also kept the support and goodwill of friends in the community. Several of them have written letters to the Court expressing their support and their hope that Mr. Hinds will receive the treatment that he needs.[12] As stated in their letters, Mr. Hinds is eager to begin

---

[7] See PSR, para. 65.

[8] PSR, para. 20 to 22.

[9] PSR, para. 21.

[10] PSR, para. 56 and 57.

[11] PSR, para. 60.

[12] See letters from: Jon Huffman, Georgette Kleir, and Katie Blackerby Weible, filed with this memorandum.

that process. He knows that he cannot undo his prior acts, so he intends to work hard to live differently in the future.

### F. Requested Sentence and Motion for Downward Variance.

Mr. Hinds requests that the Court impose a sentence of 90 months imprisonment, by way of a downward variance. He asks the Court to waive any fine and the $5000 special assessment pursuant to 18 U.S.C. §3014 due to his indigence.[13]

A sentence of 90-months is significant and will serve to reflect that the offenses here are quite serious, to promote respect for the law, and to provide just punishment. While well below the guideline range, such a sentence is longer than the mandatory minimum required by statute. It communicates to the public that such offenses are taken seriously and will receive serious punishment. Along with experience of being charged and pleading guilty to offenses of this nature, a 90-month sentence also provides strong deterrence to Mr. Hines, especially since he has never preciously been charged with any sort of offense and has never served even a day in custody. It would protect the public for the period of time that he serves and also beyond that. This is because, for the first time, Mr. Hinds will receive treatment specially oriented toward his conduct and the thinking and impulses that underlie it. 90 months is a significant period of time during which he can engage in that treatment. With a

---

[13] See PSR, para. 76 for inability to pay.

sentence of 90 months and being 52 years old, Mr. Hinds would be around 60 years old at the time of release from prison and the start of his supervised release. At that point, he will benefit from continued treatment, supervision, and support while on supervised release.

In sum, a sentence of 90 months will insure that Mr. Hinds receives just punishment, will provide needed training and rehabilitation by allowing him to engage in mental health and sex offender treatment, will protect the public, and will deter him from any future unlawful conduct, advancing those goals as set out in 18 USC §3553(a).

**WHEREFORE,** the defense respectfully requests that the Court sentence Mr. Hinds  to serve 90 months imprisonment, waive any fine, waive the $5000 special assessment under 18 U.S.C. §3014.

Respectfully submitted,

/s/ Angela M. Rea
Assistant Federal Defender
200 Theatre Building
629 Fourth Street
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## <u>CERTIFICATE</u>

I hereby certify that on April 23, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing counsel of record.

/s/ Angela M. Rea